Argued September 25, defendant disbarred November 10, 1914.

## STATE EX REL. *v.* SMITH.

### (144 Pac. 424.)

**Attorney and Client—Disbarment — "Willful Deceit and Misconduct in Profession."**

1. An attorney, who misrepresented to his client the cost of securing patents for its mining claims and converted to his own use the money remitted to him to pay the expense, although he had received other money in excess of what would be a reasonable fee for his services, is guilty of "willful deceit and misconduct in his profession," within the meaning of Section 1092, subdivision 3, L. O. L., for which he may be disbarred, under Section 1091, L. O. L., authorizing the disbarment of an attorney for any acts which would prevent his admission to practice.

[As to causes and proceedings for disbarment of attorneys and the power of courts to disbar, see notes in 95 Am. Dec. 333; 45 Am. St. Rep. 71.]

Original proceedings in Supreme Court.

Statement PER CURIAM.

This is an original proceeding commenced in this court by the state on the relation of John McCourt and others, for the disbarment of Robert G. Smith for willful deceit and misconduct in his profession as an attorney at law. He is a member of the bar of this court, residing and practicing his profession at Grants Pass, Oregon. It is charged in the accusation that

he made false representations to the Cleopatra De-
velopment Company, a mining corporation, of Wash-
ington, and to J. D. Lacey, its agent, concerning the
patenting of certain mining claims in Northern Cali-
fornia, in which matter he was employed as attorney;
that he represented to the said Lacey that the expense
of the advertisement of the notices of applications for
patents to said claims was $375, and requested the said
Lacey to remit that amount, which amount Lacey sent
to him; that he claimed to have paid that amount for
said advertising, and sent to said Lacey a purported
receipt from the newspaper for that amount, which
had not been paid, and that the price of said advertise-
ment was not $375, but $60; that he converted the said
sum to his own use, and did not pay even the $60; that
he also requested Lacey to forward to him $250 as
necessary to pay the filing fee in connection therewith,
which sum said Lacey sent to him; that the said filing
fee was only $10, and that the said Smith converted the
remaining $240 to his own use; that he also repre-
sented to the said Lacey that the sum of $2,575 was
needed to pay the purchase price of the land contained
within said claims, which amount said Lacey remitted
to him, and it was converted to his own use by the said
Smith, and nothing was paid on the purchase price of
said claims; that he continually refused to account for
or pay over said sums, or any part thereof, to the said
Cleopatra Development Company, though often de-
manded; that thereafter the said Cleopatra Develop-
ment Company brought suit in the United States Dis-
trict Court for Oregon to recover the sum of $4,490
due from said Robert G. Smith, which amount in-
cluded the items above mentioned. While said suit
was pending, it was stipulated between the said de-

velopment company and Robert G. Smith that the development company should have judgment against him for the said sum, and in case he paid to the Cleopatra Development Company $2,500 on or before the 10th day of October, 1913, said amount would be accepted in full satisfaction of all claim of plaintiff against him. Said amount not being paid according to the stipulation, judgment was rendered against him in favor of the development company for the said sum of $4,490, with interest and costs.

DEFENDANT DISBARRED.

For the State there was a brief with oral arguments by *Mr. John McCourt* and *Mr. John H. McNary.*

For the Grievance Committee of the Oregon State Bar Association there was a brief over the name of *Mr. Elton Watkins.*

No appearance for the defendant except a brief over the name of *Mr. Lionel R. Webster.*

Opinion PER CURIAM.

This unprofessional conduct on the part of Smith is in violation of Section 1092, subdivision 3, L. O. L., for which he is subject to disbarment, under Section 1091, L. O. L. There is no statement of account by Robert G. Smith, or any showing as to the amount of money that came into his hands from the said development company; but it incidentally appears that he received $1,000 from the development company, not included in the items above mentioned, except in the $4,490. The said Smith contends that he converted the said money because the development company did not pay his fees. He says in his testimony he did not ask

the development company for a payment thereon until November, 1909, while the $240 and $375 above mentioned were received by him for specific purposes and were so converted in 1906, and $2,575 was received in 1908, being converted at that time. There may be a question as to whether he is entitled to any fees in such a case; but he received money, over and above the amount mentioned herein, which would undoubtedly more than cover his reasonable fees. There is no question but that Robert G. Smith was guilty of willful deceit and misconduct in his professional dealings with the Cleopatra Development Company and with Lacey, its agent.

It is hereby ordered that the said Robert G. Smith be disbarred from practice in any of the courts of this state, and that his name be stricken from the roll of attorneys in this court.   Defendant Disbarred.